McClure v. The State.

Affirmed.

---

## McClure v. The State.

1. JURISDICTION: *For punishment of Justice of the Peace for not filing abstract of misdemeanors tried by him.*
   For the violation of the Act of February 11, 1875, "prescribing and defining the duties of Justices of the Peace in certain cases," the justice must be prosecuted criminally, and not by civil action; and the Circuit Court has concurrent jurisdiction, with Justices of the Peace, of the offense.

2. JUSTICE OF THE PEACE: *His abstract of misdemeanors must be complete.*
   If the abstract of misdemeanors required of Justices of the Peace by the Act of eleventh February, 1875, "prescribing and defining the duties of Justices of the Peace," omit any item of information required by the act, the justice is guilty of a violation of the act, and liable to its penalty and to removal from office—although he may honestly believe and intend that the abstract fully conforms to the Statute.

APPEAL from *Nevada* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

### STATEMENT.

At the August term, 1881, of the Nevada Circuit Court, W. R. McClure was indicted for non-feasance in office, as follows :

McClure v. The State.

"The grand jurors of the State of Arkansas, duly selected, empanneled, sworn and charged to inquire in and for the body of the county of Nevada, on their oath, present that one W. R. McClure, late of said county, on the first day of August, 1881, with force and arms, in the county aforesaid, then and there being a Justice of the Peace of Caney township, in said county, did, on or before said day, the same being the day fixed by law for the commencement of the Circuit Court of said county, for the present term thereof, and since hitherto has failed to file with the county clerk of said county an abstract of all misdemeanors tried before him, the said W. R. McClure, as said Justice of the Peace, since the last term of said court, giving the style of the case, the nature of the offense, how he obtained jurisdiction thereof, whether the offender was acquitted or convicted, and if convicted, the amount of the fine or punishment imposed.

"And the grand jurors aforesaid, on their oaths aforesaid, do say that the said W. R. McClure, a Justice of the Peace as aforesaid, is guilty of non-feasance in office, in manner and form aforesaid, contrary," etc.

The defendant demurred to the indictment; first, for want of sufficient facts to constitute an offense; second, want of jurisdiction in the Circuit Court; third, it did not allege that the defendant had tried any misdemeanors.

The demurrer was overruled, and the case was put to jury on the plea of not guilty.

On the trial the State proved that the defendant, on the fifth July, 1881, filed in the county clerk's office a list, as follows:

"The following is a list of judgments for fines obtained before the undersigned, a Justice of the Peace, in and for

the county of Nevada, from the first Monday in January, 1881, to the first Monday in July, 1881:

| Names. | Crime. | Fine. | Penalty. |
|--------|--------|-------|----------|
| Simon Peter Wheeler | Disturbing the peace | $5 00 | $3 00 |
| Sam Hicks........ | Assault and battery | 2 00 | 3 00 |

W. R. McClure, J. P.,

Caney Township, Nevada county, Ark."

And that he had filed no other list. That on the first day of the present term the defendant came into the clerk's office and asked for the abstract he had filed, saying he wanted to make another copy of the abstract of misdemeanors tried by him since the last Circuit Court from it, to leave in the office for the Circuit Court. The witness (the deputy clerk) told him he had put it with the papers for the grand jury, and had given them to the grand jury.

The defendant proved, by a member of the grand jury who found the indictment, that during the second week of the court the defendant brought before the grand jury, for examination, his criminal docket, as Justice of the Peace. And on cross-examination the witness stated that he brought it in obedience to a *subpœna* served upon him for it.

Against the objections of the defendant the court gave for the State the following instructions to the jury:

1. "Justices of the Peace are presumed to know the law, and the neglect of a Justice of the Peace to discharge any duty imposed upon him by law is as criminal as the neglect of any duty imposed on any other citizen; and if the jury find, from the evidence in this case, that the defendant, being a Justice of the Peace, in Caney township, in this county, did, on or before the first day of August, 1881, and

since, up to the twelfth day of August, 1881, fail to file with the clerk of Nevada county an abstract of all misdemeanors tried before him since the last term of this court, giving the style of the case, the nature of the offense, how he obtained jurisdiction thereof, whether the defendant was convicted or acquitted, and if convicted, the amount of the fine or punishment imposed, they will find him guilty, as charged in the indictment."

2. "The style of a criminal case is : "The State of Arkansas against" (naming the party). The nature of the offense is the name of the offense charged. How jurisdiction was obtained is to show and state whether an affidavit was filed against the party charged with the offense, or that the constable or justice was a witness of the offense against the accused. And if the jury find, from the evidence, that the defendant failed to include such facts in his abstract, read in evidence, they will find him guilty, and assess his punishment at not less than twenty-five, nor over fifty dollars."

The defendant asked the following instructions, which the court refused :

"In order to constitute a criminal offense there must be a union or joint operation of act and intention or criminal negligence, and if the jury find from the evidence, that the defendant filed the abstract produced in evidence by the State, before the first day of the present term of this court, and since the last term of this court, with the county clerk of this county, and that in filing the same he honestly believed he was complying with, and intended to comply with the Statute, then there was no intention of violating the law nor any criminal negligence and the jury should acquit the defendant."

2. "If the jury believed, from the evidence, that the defendant filed said abstract on the fifth day of July, 1881,

before the first day of the present term of this court, and since the last term thereof with the county clerk, they will find the defendant not guilty, unless they find from the evidence, that the defendant had tried other misdemeanors, not embraced in said abstract."

The jury found defendant guilty of non-feasance in office as charged and assessed his fine at twenty-five dollars, and the court rendered judgment against him for the fine and cost and for ouster from office. After motion for new trial and in arrest of judgment overruled, he filed his bill of exceptions and appealed.

*Smoote & McRae*, for appellant:

1. The facts stated in the indictment do not constitute a public offense. The State was called on to prove that some one or more misdemeanors had been tried before appellant, within the time covered by the indictment. Whatever the State is called on to prove, she must allege. *State* v. *Emerick*, 35 *Ark.*, 324.

2. The offense not indictable under the Statute creating it. *Acts* 1874–5, *p.* 150. No indictment is provided for and no other remedy, except " by suit before a Justice of the Peace." Where a Statute creates a new offense and prescribes a penalty with *specific relief* for its violation, the punishment or remedy is confined to that given by Statute. *Sedgwick on Const. and Stat. Law, pp.* 76, 77 *and* 281; 1st *Russell on Crimes, pp.* 47–8–9. The term *sent* does not apply to criminal prosecutions. *Sedgwick Const. and Stat. Law, pp.* 371–2–3.

3. If appellant honestly believed he was complying with the law, and so intended, the jury should have been instructed to find for him, if they found facts that way. *Leonard* v. *State*, 35 *Ark.*, 438.

4. The offense was punishable by *fine* only. *Acts* 1874–5,

McClure v. The State.

*p.* 150 ; *Acts* 1871, *p.* 64. The latter act does not mention or refer to the former, but leaves it in full force. The two Statutes should be construed together.

*C. B. Moore, Attorney-General,* for appellee :

1. The indictment is in the words of the Statute, and is sufficient. *Bell* v. *State*, 10 *Ark.*, 536 ; *State* v. *Moser*, 33 *Ark.*, 140.

2. The words of the Act could not oust the jurisdiction of the Circuit Court, and may be regarded as surplusage. *State* v. *Deevers*, 34 *Ark.*, 188.

3. Distinguishes this case from *Leeman* v. *State*, 35 *Ark.*, 438.

4. The judgment of ouster was right. *Secs.* 1 *and* 2, *Acts* 1877, *p.* 64.

OPINION.

HARRISON, J. The first and third sections of the Act of February 11th, 1875, "prescribing and defining the duties of Justices of the Peace in certain cases," under which the appellant was indicted, are as follows :

*Jurisdiction to punish J. P. for failing to file abstract of misdemeanors.*

" Section 1. That hereafter it shall be the duty of each Justice of the Peace in this State to file an abstract of all the misdemeanors tried before him with the clerk of his county on or before the first day of the succeeding term of the Circuit Court, giving the style of the case, the nature of the offense, how he obtained jurisdiction of the case ; whether the defendant was acquitted or convicted, and if convicted, the amount of the fine or punishment imposed."

"Section 3. Any persons violating any of the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum, not less than twenty-five nor more than fifty dollars, to be recovered by suit before a Justice of the Peace." .

The appellant contends that the offense created by the act is only cognizable before a Justice of the Peace, and the offender is to be proceeded against, not by a criminal prosecution, but by suit or civil action.

Such a construction of the act is wholly untenable. The words "*to be recovered by suit before a Justice of the Peace,*" in the third section, are inaptly used. Their evident meaning is not such as they literally import, but from the subject matter of the act and the context, is that the prosecution for the offense shall be before a Justice of the Peace; and as thus interpreted, does not restrict the jurisdiction of the offense to Justices of the Peace.

Jurisdictions in misdemeanors concurrent. The jurisdiction in criminal cases is fixed by the constitution, and in misdemeanors is concurrent in the Circuit Courts and Justices of the Peace, and it is not in the power of the legislature to deprive the Circuit Courts of such jurisdiction in any case. *The State* v. *Devers*, 34 *Ark.*, 184.

No particular objection to the indictment has been shown. It contains, we think, an averment of every fact necessary to constitute the offense, and with sufficient certainty and distinctness, and the demurrer to it was correctly overruled.

As the prosecution were necessarily in the name of the State, and the names of the persons tried before him were stated in the abstract of cases which he filed, the style of them was substantially given. There was also a substantial, if not a literal compliance, with the statute in every other particular, except as to how, or the manner in which, he obtained jurisdiction in the case, as to which the abstract was silent.

Except as provided by *Section* 2023, *Gantt's Digest*, where the prosecution before a Justice of the Peace is upon the complaint of some one other than an officer, a bond for the payment of the costs must be given. *Sections* 2020, 2022. Such information, having relation to the costs in the

case, was therefore deemed important by the Legislature, for the protection of the interests of the county, and the requirement of the Statute in that regard was as material as in any other of the matters named.

The abstract filed by the appellant was therefore not such as the statute required, and though he may not have wilfully or intentionally failed to file such, and have honestly thought that the imperfect one filed by him was sufficient, and in compliance with the statute, that would not excuse him, and he was nevertheless guilty of the offense with which he was charged. His duty was a plain one, and he might, with reasonable diligence and attention, have known and done it.

We find no error in the rulings of the court during the trial, or in refusing to grant a new trial.

A Circuit Court has power to remove a county or township officer from office, upon conviction of non-feasance in office. *Const. Art VII, Sec.* 27; *Act. of March* 9, 1877; *Allen* v. *The State*, 32 *Ark.*, 241.

<span style="float:right">Power of Circuit Court to remove officer.</span>

The judgment is affirmed.